1  **SAO**
BRICE J. CRAFTON, ESQ.
2  Nevada Bar No. 10558
COLTON J. WILSTEAD, ESQ.
3  Nevada Bar No. 16024
**DEAVER | CRAFTON**
4  810 E. Charleston Blvd.
Las Vegas, NV 89104
5  Brice@deavercrafton.com
Cole@deavercrafton.com
6  Tel. (702) 385-5969
Fax. (702) 385-6939
7  *Attorneys for Plaintiff/ Counter-Defendant*

8  **UNITED STATES DISTRICT COURT**

9  **DISTRICT OF NEVADA**

| | |
|---|---|
| TASEAN YOUNG, as parent and legal guardian of TAMIR YOUNG, a minor; | Case No. 2:25-cv-00495-JAD-EJY |
| Plaintiff, | **AMENDMENT TO JOINT STIPULATION AND ORDER TO EXTEND CASE MANAGEMENT DEADLINES** |
| vs. | |
| NATIONAL YOUTH SPORTS – ARIZONA YOUTH SPORTS, a Foreign Non-profit Corporation; SHAKA EARVIN, an individual; RICKY GREEN, an individual; JOHN DOE "COACH BRAGGS", an individual; JOHN DOE 1, an individual; DOES II through X, inclusive; and ROE CORPORATIONS I through X, inclusive; | **(FIRST REQUEST)** |
| Defendants. | |
| NATIONAL YOUTH SPORTS – ARIZONA YOUTH SPORTS, a Foreign Non-Profit Corporation; | |
| Counterclaimant | |
| v. | |
| TASEAN YOUNG, an individual; and MOES I-X, inclusive; | |
| Counter-defendants. | |

COMES NOW, Plaintiff and Counter-Defendant TASEAN YOUNG, as parent and legal guardian of TAMIR YOUNG, a minor, by and through their counsel of record, Brice J. Crafton, Esq. and Colton J.

Wilstead, Esq., of DEAVER|CRAFTON, and Defendant/Counterclaimant, NATIONAL YOUTH SPORTS – ARIZONA YOUTH SPORTS, by and through their counsel of record Priscilla L. O'Briant, Esq., of TYSON & MENDES LLP, as to the extension of all pending deadlines for sixty (60) days in this matter to allow for necessary discovery. The Parties met and conferred in good faith pursuant to LR IA 1-3(f) and agreed to the following continuance of deadlines in this matter in lieu of a Joint Motion to Extend Discovery Deadlines. **The Parties are submitting this Amendment due to the proposed discovery deadlines erroneously being listed as thirty (30) days instead of the agreed upon sixty (60) days.**

### I. DISCOVERY COMPLETED TO DATE

The Parties have participated in the following discovery to date:

1. The Parties met and conferred and timely filed a Joint Status Report Regarding Removed Action including the date certain indicated for their FRCP 26(a)(1) Conference;
2. The Parties appeared for their FRCP 26(a)(1) Conference and timely exchanged disclosure statements thereafter;
3. Plaintiff's FRCP 26(a)(1) Initial Disclosure of Witnesses and Exhibits;
4. Plaintiff propounded written discovery;
5. Defendant NRCP 16.1 (a)(3) Initial Disclosure of Witnesses and Exhibits;
6. Defendant propounded written discovery.
7. Plaintiff served their First Supplemental FRCP 26(a)(1) Initial Disclosure of Witnesses and Exhibits.

### II. DISCOVERY REMAINING TO BE COMPLETED

The Parties plan to complete the following discovery:

1. Defendant to respond to Plaintiff's request for written discovery;
2. Deposition of Plaintiff;
3. Deposition of Defendant's 30(b)(6) representative;
4. Depositions of percipient witnesses;

5. Depositions of the Plaintiff's treating physicians and/or retained experts;

6. Depositions of the Defendant's retained experts;

7. Depositions of the Plaintiff's retained experts;

8. Supplemental FRCP 26 disclosures;

9. Additional written discovery and/or subpoena duces tecum of records from necessary providers;

10. Any additional discovery that is necessary as the Parties proceed through discovery.

### III. WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

The parties aver, pursuant to Local Rule 26-3, that good cause exists for the following requested extension. This Request for an extension of time is not sought for any improper purpose or other purpose of delay. Rather, the parties seek this extension solely for the purpose of allowing sufficient time to conduct discovery.

The parties have been diligent in moving the case forward: participating in a reasonable amount of discovery, including exchanging their initial lists of witnesses and documents; propounding written discovery requests and preparing responses thereto; and records procurement.

<u>Expert witnesses' reports</u>: Expert witness reports are currently due on October 9, 2025; given the information listed herein, the Parties agree that the remaining time between now and October 9, 2025, is inadequate to obtain an expert opinion and report.

<u>Expert witnesses' depositions</u>: Expert witness depositions are expected to be completed after the disclosure of expert witnesses pursuant to this Court's order. The Parties will likely retain multiple expert witnesses. It will take additional time to coordinate, prepare for, and take the depositions.

<u>Written Discovery</u>: Plaintiff has issued Defendant's written discovery requests, to which (as of the submission of this document) Defendants have not responded. Such information may prompt additional discovery and/or may be relevant for the experts' respective reports.

…

Possible supplemental discovery: More supplemental discovery may be required depending on the answers to Plaintiff's discovery responses, including but not limited to his deposition testimony. This may also include the identification and deposition of fact witnesses. Fact witness depositions are required for expert consideration. Moreover, the extension will allow the parties to do any necessary follow up discovery after responses to initial rounds of written discovery are served, deposing later-identified witnesses and experts, and obtaining any additional medical records.

### IV.  GOOD CAUSE EXISTS FOR A DISCOVERY EXTENSION

The parties have been diligently conducting discovery in this matter, as evidenced by the prompt exchange of written discovery and the cooperation with respect to written discovery.

The primary reason for seeking this extension is the difficulty in obtaining expert opinions and reports by the October 9th deadline. Seeking such an extension at this time is necessary and prudent, in order to ensure that such a request is made in advance of the deadline.

- Parties must complete their analysis of the incident.
- Parties must complete depositions.

The Parties have been diligently working to accomplish these tasks, all of which are necessary before an expert witness could obtain an opinion on the issues in the case, let alone prepare a report meeting the requirements of Rule 26(a)(2)(B).

In light of the above, the Parties have agreed to extend the current discovery deadlines approximately 60 days. This additional time will permit the Parties to accomplish the above tasks in sufficient time for experts to prepare the necessary opinions and reports, as well as potentially resolve this matter without additional litigation and court involvement. All Parties are in agreement with the proposed extension. As such, neither party is prejudiced by the additional time necessary for the time to prepare expert witness disclosures. Counsel for the parties have been diligently working together to prepare this stipulation and obtain an extension of the current discovery and litigation deadlines.

All of the aforementioned circumstances constitute good cause to extend the remaining discovery deadlines, and the parties jointly in good faith request this Court enter an Order extending the

discovery deadlines in accordance with their stipulation.

V. **PROPOSED DISCOVERY PLAN**

A. Summary of Proposed Changes

The parties hereby stipulate to continue the discovery deadlines and dispositive motion approximately 60 days, which the parties estimate to be necessary for the discovery listed above.

|  | **Current Dates** | **Proposed Dates** |
|---|---|---|
| Close of Discovery | 12/08/2025 | ~~01/07/2026~~ **02/06/2026** |
| Final date to file motions to amend pleadings or add parties | 09/09/2025 | Closed |
| Final dates for Initial expert disclosures | 10/09/2025 | ~~11/09/2025~~ **12/08/2025** |
| Final dates for Rebuttal expert disclosures | 11/10/2025 | ~~12/10/2025~~ **01/09/2026** |
| Final date to file dispositive motions | 01/07/2026 | ~~02/06/2026~~ **03/09/2026** |

B. Discovery Cut-Off Date: Wednesday ~~January 7, 2026~~ **February 6, 2026.**

C. Dispositive Motions: Dispositive motions may be filed no later than ~~February 6, 2026~~ **March 9, 2026**, which is ~~thirty~~ **thirty-one** (~~30~~ **31**) days from the discovery cut-off date. In the event that the discovery period is extended from the discovery cut-off date set forth in this Stipulation and Order to Extend Discovery Deadlines and Scheduling Order (First Request), the date for filing dispositive motions shall likewise be extended, to be no later than ~~thirty~~ **thirty-one** (~~30~~ **31**) days from the subsequent discovery cut-off date.

…

…

…

…

…

…

…

E. <u>Pretrial Order</u>: The pretrial order shall be filed by ~~March 9, 2025~~ **April 8, 2026**, or ~~31~~ **30** days after resolution of dispositive motions. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until ~~thirty-one~~ **thirty** (~~31~~ **30**) days after the decision of the dispositive motions or until further order of the Court.

DATED this 23rd day of October, 2025.

**DEAVER | CRAFTON**

/s/ Brice J. Crafton
_____
Brice J. Crafton, Esq.
Nevada Bar No. 10558
Colton J. Wilstead, Esq.
Nevada Bar No. 16024
810 E. Charleston Blvd.
Las Vegas, NV 89104
*Attorneys for Plaintiff/
Counter-Defendant*

DATED this 23rd day of October, 2025.

**TYSON MENDES LLP**

/s/ Priscilla L. O'Briant
_____
Priscilla L. O'Briant, Esq.
Nevada Bar No. 10171
2835 St. Rose Parkway, Suite 140
Henderson, Nevada 86052
*Attorneys for Defendant*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED:  October 23, 2025